T.C. Summary Opinion 2004-21


UNITED STATES TAX COURT


WILLIAM ROBERTSON MCSKIMMING III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17953-02S.          Filed March 5, 2004.


William Robertson McSkimming III, pro se.

<u>Warren P. Simonsen</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in Federal income tax of $6,448 for the 2000 taxable year. The issue for decision is whether unallocated support payments constitute "alimony or separate maintenance payments" that petitioner may deduct under section 215.

Background

Some of the facts have been stipulated and are so found. The stipulated facts and the related exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Edgewater, Maryland.

Petitioner was previously married to Sandra L. McSkimming (Ms. McSkimming). They have three children: (1) Brian McSkimming (Brian), born October 28, 1978; (2) Daniel McSkimming (Daniel), born June 14, 1981; and (3) Megan McSkimming, born May 23, 1984.

On May 27, 1993, Ms. McSkimming filed an action for divorce in the Supreme Court of the State of New York, County of Erie (New York court). Petitioner executed a stipulation on March 18, 1994, entering into a pendente lite arrangement in which he would pay Ms. McSkimming the sum of $400 per week "as and for unallocated family support, commencing immediately." The stipulation noted:

> That in consideration for the above referenced family support, the Plaintiff, SANDRA L. McSKIMMING, shall be responsible to pay for mortgage payments on the marital residence, homeowner's insurance at the marital

residence, gas/oil, electric, telephone, water/sewer, cable, food, and piano and dancing lessons pending the trial and determination of this action.

A judgment of divorce was filed with the New York court on January 23, 1996.

Certain unresolved financial issues were addressed during a proceeding on June 28, 1996, before an Official Matrimonial Referee of the New York court.  Ms. McSkimming and petitioner were both represented by counsel, who entered into the following oral stipulation on behalf of their clients:

> [Ms. McSkimming's attorney]:  With respect to maintenance, Mr. McSkimming agrees to pay to Mrs. McSkimming the sum of fifteen thousand dollars per year for five years, and then an additional ten thousand dollars a year for the next three years for a total of eight years.  It's been agreed that if Mrs. McSkimming either remarries or co-habits with someone who is not a relative, which she is doing now, she will still be entitled to one-half of the balance of the maintenance due at the time of her remarriage.

> &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

> [Ms. McSkimming's attorney]:  With respect to the issue of -- the maintenance shall be paid on a weekly basis.  With respect to the issue of child support --

> [Petitioner's attorney]:  Excuse me.  Mr. McSkimming will continue to pay the four hundred dollars per week unallocated maintenance and support until Mr. Cinelli completes his report and we have a subsequent order with regard to maintenance and child support.

> [Ms. McSkimming's attorney]:  Yeah.  With respect to the child support, right now there is not an agreement as to the -- either applicability or non-applicability of the Child Support Standards Act as there are some issues, as [petitioner's attorney] eluded [sic] to, to be investigated by Mr. Cinelli.

Therefore, that prior order shall continue, and upon Mr. Cinelli's report back to the Court, we will then hopefully come to an agreement on the amount of child support to be paid, or, if not, we will, of course, set it down for further proceedings to make that ultimate determination. But we are not making that determination today.

\* \* \* \* \* \* \*

THE REFEREE: \* \* \* It would seem to me that once that visitation schedule has been set, it is simply a matter of calculation between yourselves and your attorneys as to how to then prorate the amount of support that's going to be paid and how to break out of the present unallocated support, the figure of support and maintenance. Therefore, you shouldn't have to appear in front of the Court so long as there is cooperation with Mr. Cinelli with regard to setting forth some reasonable visitation. \* \* \*

There was no further proceeding to fix a specific amount as to child support.

Ms. McSkimming had remarried by 2000.[1] Petitioner nevertheless paid Ms. McSkimming $400 per week during 2000, for a total sum of $20,800.[2]

During the year in issue, petitioner and Ms. McSkimming had joint custody of their three children. Ms. McSkimming had physical custody, while petitioner had the right to reasonable and liberal visitation.

---

[1] Petitioner is uncertain of the year when Ms. McSkimming remarried, believing that her remarriage occurred sometime from 1996 to 1998.

[2] The record indicates that Ms. McSkimming did not include, in her Federal income tax return for the 2000 taxable year, any portion of this amount as gross income under secs. 61(a)(8) and 71(a).

Petitioner filed a timely Form 1040, U.S. Individual Income Tax Return, for the 2000 taxable year. Petitioner claimed a dependency exemption deduction for Daniel and a deduction for alimony paid in the amount of $20,800.

Respondent determined that petitioner was not entitled to a deduction for alimony paid for the 2000 taxable year.

Discussion[3]

Payments to support children generally are not deductible. Sec. 71(c). However, alimony or separate maintenance payments generally are deductible by the payor spouse. Sec. 215. Alimony or separate maintenance payments are defined by section 71(b), which provides in part:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>
> (C) in the case of an individual legally

---

[3] Since there is no material factual dispute, we decide the issue in this case without regard to the burden of proof. See sec. 7491; Rule 142(a); Higbee v. Commissioner, 116 T.C. 438 (2001).

> separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

We look to the terms of the applicable instrument, or to State law, if the instrument is silent on the matter. See Kean v. Commissioner, T.C. Memo. 2003-163. Under New York law, child support is "a sum to be paid pursuant to court order or decree by either or both parents or pursuant to valid agreement between the parties for care, maintenance and education of any unemancipated child under the age of twenty-one years." N.Y. Dom. Rel. Law secs. 236, 240 (McKinney 2003). In contrast, an award of "maintenance" shall terminate upon the death of either party in an action for divorce or upon the recipient's valid or invalid marriage. Id. sec. 236. Upon application of either party, a New York court may annul or modify any prior order or judgment as to maintenance or child support. Id.

In the present case, Ms. McSkimming had physical custody of the children during the year in issue. Moreover, she had remarried before 2000, and pursuant to the oral stipulation of June 28, 1996, one-half of any balance of maintenance payments became due at the time of her remarriage. Petitioner

nevertheless continued to make payments of $400 per week in 2000. If such payments were for alimony or maintenance, as petitioner contends, his obligation to make such payments would have ended either under New York law or under the terms of the oral stipulation. His continuing to make payments after Ms. McSkimming's remarriage and her physical custody of the children are factors that militate in favor of characterizing such payments as for child support and not for alimony or separate maintenance.[4] We sustain respondent's determination regarding this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[4] We realize that, of petitioner's three children, Brian was at least 21 years old during 2000 and that New York law defines child support as "a sum to be paid * * * for care, maintenance and education of any unemancipated child <u>under the age of twenty-one years</u>." N.Y. Dom. Rel. Law secs. 236, 240 (McKinney 2003) (emphasis added). However, under New York law, petitioner would still have to make child support payments at the full amount until he filed an application with a New York court and received approval to modify such payment amount. In any event, even if they were alimony payments, they would be voluntary and as such would still not be deductible by petitioner.